STATE OF MISSOURI, Respondent, v. LEON GARST, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

CRIMINAL LAW: In a Criminal Case Where no Briefs Were Filed nor Attention of Appellate Court Called to Any Errors Committed by Trial Court, it is the Duty of the Appellate Court to Examine the Record and Render Such Judgment as the Law and Facts Require. On submission of criminal case in appellate court under section 4106, Revised Statutes 1919, providing that no assignment or joinder of error is necessary in criminal cases, where no briefs were filed on either side, nor the attention of the court called to any errors committed by the trial court, it is the duty of the appellate court to examine the record and render such judgment thereon as the law and the facts require.

Appeal from the Circuit Court of Atchison County.— *Hon. John M. Dawson*, Judge.

AFFIRMED.

*Lee Mullins* for appellant.

*Thomas M. Bailey* for respondent.

TRIMBLE, P. J.—The defendant was prosecuted under section 6588, Revised Statutes 1919, as amended by section 1 of An Act approved March 28, 1921, Laws 1921, page 413, for the unlawful manufacture of intoxicating liquor, to-wit, three pints of alcohol, for beverage purposes. He was convicted by a jury and his punishment assessed at a fine of $1000 and imprisonment in the county jail for sixty days as authorized by section 6604, Revised Statutes 1919. He thereupon appealed to this court, but on the submission of the case no briefs were filed on either side, nor has our attention been called to any errors committed by the trial court.

211 M. A.—28

Under such circumstances, it becomes our duty to examine the record and render such judgment thereon as the law and the facts require [Section 4106, R. S. 1919.]

In obedience to that duty we have read the record and find no error therein. The defendant was duly informed against, pleaded not guilty and was duly tried before a jury properly chosen, empaneled and sworn, and who duly returned a verdict finding him guilty and assessing his punishment as has been hereinbefore stated. The court properly instructed the jury as to the elements necessary to constitute the crime and left it to them to say whether he was guilty or not, and if guilty to fix his punishment within the specified statutory limits. The court fully instructed the jury on the presumption of defendant's innocence and the burden devolving upon the State to prove him guilty beyond a reasonable doubt before they could convict him. The court also instructed as to the good character of the defendant. Every right accorded to the defendant under the laws was duly safeguarded and we find no error in the proceeding resulting in his conviction. Wherefore, the judgment must be, and is, affirmed. All concur.